# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**WAYNE KEGLEY**,

    Petitioner,

v.                                           **CRIMINAL ACTION NO.: 3:16-CR-50-11**
                                                     **CIVIL ACTION NO.: 3:18-CV-134**
                                                      **(GROH)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on March 17, 2021. ECF No. 1301.[1] In his R&R, Magistrate Judge Trumble recommends that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 1120] be denied and dismissed with prejudice.

## I. BACKGROUND

Upon review of the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates them herein. However, the Court has outlined the most relevant facts below.

---

[1] All CM/ECF references are to the criminal number, 3:16-CR-50-11, unless otherwise noted.

On December 6, 2016, the Grand Jury indicted the Petitioner in three counts of a twenty-eight-count indictment, which also charged seventeen co-defendants with various drug trafficking offenses.  ECF No. 1.  On June 8, 2017, the Petitioner entered a guilty plea to one count of aiding and abetting possession with intent to distribute heroin, pursuant to a written plea agreement.  ECF Nos. 644 & 647.  On November 6, 2017, this Court accepted the Petitioner's guilty plea and sentenced the Petitioner to 115 months of imprisonment to be followed by three years of supervised release.  ECF No. 931.

On August 20, 2018, the Petitioner filed the instant motion, pursuant to 28 U.S.C. § 2255, moving the Court to vacate, correct, or set aside his 115-month sentence.  ECF No. 1120.  On September 24, 2018, the Petitioner refiled his motion on the court-approved forms.  ECF No. 1129.  The Petitioner asserts four grounds for relief: (1) that he received ineffective assistance of counsel when his trial counsel, Robert Stone, failed to file a notice of appeal; (2) that the traffic stop on June 23, 2016, violated his Fourth Amendment rights; (3) that his Presentence Investigation Report ("PSR") violated his Eighth Amendment rights; and (4) that the Court failed to consider all of the § 3553(a) sentencing factors at his sentencing hearing.  ECF No. 1129 at 4–10.

On January 16, 2020, Magistrate Judge Trumble ordered the Respondent to file an answer to the Defendant's motion to vacate [ECF No. 1207], which the Respondent filed on March 27, 2020.  ECF No. 1218.  On May 20, 2020, after having reviewed the Respondent's answer, Magistrate Judge Trumble found that an evidentiary hearing was necessary to determine whether the Petitioner instructed his counsel to file an appeal.  ECF No. 1222.  Nicholas J. Compton was appointed to represent the Petitioner at the hearing.  Id.  An evidentiary hearing on the Petitioner's ineffective assistance of counsel

claim was held on August 24, 2020 [ECF No. 1267], and the issuance of the R&R followed on March 17, 2021. ECF No. 1301.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and of a Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Magistrate Judge Trumble entered the R&R on March 17, 2021. ECF No. 1301. Mr. Compton timely filed objections to the R&R on April 29, 2021.[2] ECF No. 1313. Accordingly, this Court will review the Petitioner's objections to the R&R de novo and the remainder of the R&R for clear error.

## III. DISCUSSION

In the R&R, Magistrate Judge Trumble finds that all four of the Petitioner's claims are without merit because: (1) the Petitioner cannot demonstrate ineffective assistance of counsel under the test set forth in Strickland v. Washington, 466 U.S. 688 (1984), because he waived his right to appeal as part of his plea agreement; (2) the Petitioner waived his right to challenge the constitutionality of the traffic stop under the Fourth

---

[2] On March 29, 2021, the Court granted the Defendant's unopposed motion for an extension to file his objections to the R&R. ECF No. 1306.

3

Amendment as part of his plea agreement; (3) the Petitioner waived his right to contest his sentence under the Eighth Amendment as part of his plea agreement; and (4) the Petitioner waived his right to challenge the sentence imposed as part of the appellate waiver in the plea agreement because his sentence did not exceed the maximum length authorized by law. ECF No. 1301 at 8–23. Accordingly, Magistrate Judge Trumble recommends that the Court deny and dismiss the Petitioner's motion with prejudice. Id. at 23.

The Petitioner objects to the R&R's findings regarding his first and fourth claims. The Court considers the Petitioner's objections in turn below.

### A. First Objection – Ineffective Assistance of Counsel Claim

First, the Petitioner avers that Mr. Stone's failure to file a notice of appeal satisfies the two-prong test set forth in Strickland v. Washington to determine whether counsel was constitutionally ineffective. ECF No. 1313 at 2–6. Under Strickland, the Petitioner must first show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. "Judicial scrutiny of counsel's performance must be highly deferential," and the reviewing court must recognize that "counsel is strongly presumed to have rendered adequate assistance." Id. at 689-90. Then, even if the court determines that counsel acted unreasonably, the judgment of the criminal proceeding will not be set aside unless counsel's performance was "prejudicial to the defense." Id. at 692. To satisfy the second prong, the Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

As to the first Strickland prong, the Petitioner avers that Mr. Stone acted deficiently because he had a duty to consult with the Petitioner after his sentencing to determine whether the Petitioner wished to file a direct appeal.  Id. at 3.  In his objections, the Petitioner concedes that he never asked Mr. Stone to file a notice of appeal after he was convicted.[3]  ECF No. 1313 at 2.  However, the Petitioner argues that because he did not "clearly convey his wishes one way or the other about filing a notice of appeal," Mr. Stone was required to "consult with the defendant to try to discover[] his wishes."  Id. at 3.

To support his argument, the Petitioner cites Roe v. Flores-Ortega, 528 U.S. 470 (2000), wherein the Supreme Court discussed under what circumstances an attorney has an obligation to consult with his client about filing an appeal.  The Supreme Court held,

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Id. at 480.  In so holding, the Supreme Court rejected the bright-line rule that an attorney's failure to consult with the defendant about an appeal is per se unreasonable, and therefore deficient.[4]  Id. at 479.  Instead, the Supreme Court stated that "[i]n making this determination, courts must take into account all the information counsel knew or should have known."  Id. at 480.

Considering all of the information Mr. Stone knew or should have known after the Petitioner's sentencing, the Court finds that he did not have a duty to consult with the

---

[3]     Where a defendant expressly requests an appeal, counsel performs deficiently by disregarding the defendant's instructions.  Garza v. Idaho, 139 S. Ct. 738, 3746 (U.S. 2019).

[4]     However, the Supreme Court cautioned that "the better practice is for counsel to routinely consult with the defendant regarding the possibility of an appeal."  Flores-Ortega, 528 U.S. at 479.

5

Petitioner on whether he wished to file an appeal.  First, the Court considers the fact that the Petitioner entered a guilty plea, which the Supreme Court in <u>Flores-Ortega</u> stated was a "highly relevant factor" in determining an attorney's duty to consult, as a guilty plea "reduces the scope of potentially appealable issues" and could "indicate that the defendant seeks an end to judicial proceedings."  528 U.S. at 480.  The Court also notes that the 115-month sentence the Petitioner received was a substantial downward departure from the maximum sentence provided in his plea agreement of 240 months, and that the Petitioner expressly waived his appellate and collateral attack rights as part of his plea agreement.  <u>See id.</u> (stating that in cases where a defendant pleaded guilty, the court must consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights").  These factors lean against finding that a rational defendant in the Petitioner's position would want to appeal.

The Court also rejects the Petitioner's characterization that he demonstrated a "reasonable . . . interest in appealing."  ECF No. 1313 at 5.  The Court notes that the Petitioner never replied to the letter Mr. Stone sent him after his sentencing hearing that advised him that he had fourteen days to file a notice of appeal should he choose to do so.  <u>Id.</u> at 3.  Mr. Stone's testimony from the evidentiary hearing further affirms that the Petitioner never expressed interest in appealing his case:

> Q.  And Mr. Kegley expressed—at the end of the sentencing hearing, he expressed some interest to you about an appeal; correct?
> A.  No.  That's not correct.
> Q.  He never spoke to you about an appeal at all—
> A.  No, he did not.
> Q.  He never asked you if he could appeal?
> A.  No.
> Q.  You never told him to call your office?

6

> A. No. The—as I say, the discussion we had after his sentencing is[,] he thanked me because he said I actually advocated on his behalf at his sentencing, and he acted as if no one had ever done that before. So—I mean that was kind of unusual.

Id. at 60.

Finally, the Petitioner's assertion that "[a]n attorney cannot simply rely on the appellate waiver in the plea agreement as proof that a defendant doesn't want to appeal," but "must consult with the defendant to try to discover[] his wishes," is erroneous. ECF No. 1313 at 3–4. Under Flores-Ortega, Mr. Stone did not have a duty to consult with the Petitioner following his sentencing because (1) Mr. Stone had no reason to believe that a rational defendant in the Petitioner's position would want to appeal, and (2) the Petitioner had not reasonably demonstrated his interest in appealing.

Assuming *arguendo* that Mr. Stone had a duty to consult with the Petitioner following his sentencing, the Petitioner would still be unable to satisfy the second Strickland prong regarding prejudice. Under Flores-Ortega, the Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." 528 U.S. at 483. However, as Magistrate Judge Trumble stated in the R&R, the Petitioner waived his right to appeal his conviction and sentence, and to challenge his conviction and sentence in any other post-conviction proceeding. ECF No. 1301 at 11. Thus, the Petitioner did not suffer any prejudice from Mr. Stone's alleged failure to consult with him on the possibility of appealing.[5]

---

[5] The Petitioner argues that the R&R should not "presume" that the appellate waiver forecloses his right to appeal because "no one can guess as to what actions the Fourth Circuit would have taken on an appeal that was never filed." ECF No. 1313 at 6. This objection is speculative and does not point the Court to any specific error in the R&R. Accordingly, the Court **OVERRULES** the objection.

7

This case is distinguishable from Garza v. Idaho, 139 S. Ct. 738 (U.S. 2019), where the Supreme Court found that the attorney performed deficiently by failing to file a notice of appeal despite the defendant's express instructions. There, the attorney overrode his client's express instructions to file a notice of appeal, claiming that filing the appeal could risk breaching his plea agreement because he had waived his right to appeal. Id. at 743. However, the Supreme Court found that "simply filing a notice of appeal does not necessarily breach a plea agreement, given the possibility that the defendant will end up raising claims beyond the waiver's scope." Id. at 746. Furthermore, "it is the defendant's prerogative whether to appeal." Id. at 748. Accordingly, the Supreme Court held that where an attorney "performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed 'with no further showing from the defendant of the merits of his underlying claims.'" Id. at 749–50 (quoting Flores-Ortega, 528 U.S. at 484).

Here, unlike the defendant in Garza, the Petitioner never expressly instructed Mr. Stone to file a notice of appeal. The Petitioner concedes that he never asked Mr. Stone to file a notice of appeal, and Mr. Stone's testimony from the evidentiary hearing affirms that he never received such an instruction. At the hearing, Mr. Stone testified that the Petitioner never reached out to him or his office, either by phone or in person, about filing an appeal, despite him having Mr. Stone's contact information and Mr. Stone sending him the letter advising him of his right to file an appeal. ECF No. 1272 at 48. Accordingly, the Petitioner did not suffer prejudice from Mr. Stone's failure to file a notice of appeal because he did not expressly instruct Mr. Stone to file the appeal.

### B. Second Objection – Mitigating Factors Claim

Next, the Petitioner objects to the R&R's recommendation to dismiss the motion's fourth claim because the Court did consider all of the § 3553(a) sentencing factors prior to imposing sentence.  ECF No. 1313 at 7.  As stated in the plea agreement, the Petitioner faced a maximum of 240 months of incarceration.  However, at the sentencing hearing, the Court sustained the Petitioner's objection to the application of a three-level enhancement for aggravating role, making the Petitioner's guidelines range 92 months to 115 months of incarceration.  ECF No. 932 at 1.  The Court then sentenced the Petitioner to 115 months of incarceration, stating "[i]n reaching my decision to the proper sentence to be imposed, I did consider all those factors set forth in 18 U.S.C. § 3553(a)."  ECF No. 1113 at 88.

The Petitioner avers that the Court failed to consider all the § 3553(a) sentencing factors because it did not mention his mental health or a "mental interview conducted by a Doctor Pate" that found he suffers from severe mental disorder disorders in its explanation for imposing the Petitioner's sentence.  Id. at 7–8.  However, the R&R clearly states that the Petitioner's fourth claim should be dismissed because the Petitioner's waiver of his appellate and collateral attack rights as part of his plea agreement with the Government "include his challenge to the [115-month] sentence" because the sentence was within the maximum sentence authorized by law.  ECF No. 1301 at 20.  To this finding, the Petitioner merely notes that he "could have raised these sentencing issues on direct appeal had his counsel properly consulted with him."  ECF No. 1313 at 9.

Here, the Court finds that the Petitioner's assertion that he "could have" raised his claim had his counsel consulted with him too vague and unsupported to constitute an

9

objection to the R&R's finding. Accordingly, the Petitioner's second objection is **OVERRULED**.

## IV. CONCLUSION

Accordingly, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 1301 in 3:16-CR-50-11; ECF No. 5 in 3:18-CV-134] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's Motion to Vacate [ECF No. 1120 in 3:16-CR-50-11; ECF No. 1 in 3:18-CV-134] is **DENIED** and **DISMISSED WITH PREJUDICE**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to transmit a copy of this Order to all counsel of record herein and to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED**: August 19, 2021

*/s/ Gina M. Groh*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE